UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ALFRED MARCOUX and CHARLENE JONES, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 2:15-cv-93-NT |
| SUSAN J. SZWED, P.A., | ) ) | |
| Defendant | ) | |

RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant moves to dismiss this action brought under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(4) *et seq.* (the "Act").  It also objects to class certification, which is sought in the complaint.  The motion invokes Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  I recommend that the court deny the motion and defer any action on class certification.

## I.   Applicable Legal Standards

### A.  Rule 12(b)(1)

When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction.  *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996).  The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject matter jurisdiction through extrapleading material.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 159–60 (3d ed. 2004); *see also Aversa*, 99 F.3d at 1210; *Hawes v. Club Ecuestre el Comandante*, 598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

1

### B. Rule 12(b)(6)

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth*., 655 F.3d 43, 45 (1st Cir. 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

### II. Factual Background

The complaint sets forth the following relevant factual allegations.[1]

---

[1] The First Circuit has instructed that, in reviewing a complaint for sufficiency pursuant to Rule 12(b)(6), a court "should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched

2

The named plaintiffs, residents of Maine, received identical letters from the defendant advising them that the defendant had been retained to collect debts that they allegedly owed to Bank of America.  Class Action Complaint and Jury Demand ("Complaint) ECF No. 1 ¶¶ 13, 17, 19, 22.  The letters violated 15 U.S.C. § 1692g(a)(4) because they did not inform the recipients that the defendant "need only have mailed verification of the debt, or a copy of the judgment, to them if they requested, *in writing*, that Defendant do so."  *Id*. ¶ 25 (emphasis in original).

### III.  Discussion

#### A.  The Act

The defendant contends that the Act does not apply to debt collection actions performed in Maine.  Defendant's Motion to Dismiss and Objection to Class Certification ("Motion") (ECF No. 6) at 2.  It argues that this court's decision in *Shapiro v. Haenn*, 176 F.Supp.2d 42 (D. Me. 2002), upon which the plaintiffs rely, Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss and Objection to Class Certification ("Opposition") (ECF No. 8) at 4-6, is distinguishable from this action.  Motion at 2-3.

In *Haenn*, Judge Singal of this court held, in a case presented under circumstances very similar to the facts of this case, that the court has federal question jurisdiction over a claim under the Fair Debt Collection Practices Act, and, specifically, 15 U.S.C. § 1692k.  176 F.Supp.2d at 45.  That is the same jurisdictional statute cited in the complaint in this action.  Complaint ¶ 11.  The defendant argues that the instant case, nonetheless, is not governed by *Shapiro* because the plaintiff in that case also alleged violations of state law, and the defendant in that case "was seeking to collect a debt that was 11 years old and barred by the applicable statute of limitations."  Motion at

---

as fact or threadbare recitals of the elements of a cause of action."  *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citation and internal punctuation omitted).  "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible."  *Id*.  "If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility."  *Id*. (citation and internal quotation marks omitted).

2.  However, neither the age of the claim nor the presence of state-law claims was relevant to Judge Singal's analysis.  The applicability of a statute of limitations is not mentioned in the opinion. These arguments will not support dismissal of this action.

The defendant also argues that, "[e]ven if a federal private right of action exists [under the Act], it can only exist with regard to an appropriate underlying violation of law[,]" and the plaintiffs have not alleged a violation of any provision of the Act from which the defendant is not exempt under the exemption granted by the Federal Trade Commission.  Motion at 3; Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss and Objection to Class Certification (ECF No. 10) at 2-3.  It cites a single case in support of this argument, *Maxwell v. Arrow Financial Servs., LLC,* No. 03 C 1995, 2004 WL 719278 (N.D. Ill. Mar. 31, 2004).

However, the judge who decided the *Maxwell* case in the Northern District of Illinois specifically interpreted *Haenn* to hold that there is a private right of action under the Act for a claim that debt collectors violated provisions of the Act.  2004 WL 719278 at *7.  In ruling on the plaintiff's motion for class certification, the *Maxwell* court held that, because Maine was granted an exemption from the federal Act on the substantive cause of action for the state law claim on which that action was based, "[t]o limit Maine residents to a national class action under the federal FDCPA would undermine the purpose of creating the separate Maine FDCPA with enhanced consumer protections in some areas." *Id.*

Here, as the defendant repeatedly points out, the plaintiffs have not brought a state-law claim.  Therefore, the holding of *Maxwell* does not apply to the instant case.

On the showing made, the motion to dismiss should be denied.

### B.  Class Action

The defendant's "objection" to class certification is premature.  The appropriate procedure

involves a motion to certify filed by the named plaintiff or plaintiffs under Federal Rule of Civil

Procedure 23.  As the First Circuit has instructed:

> If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations.
>
> Nonetheless, courts should exercise caution when striking class action allegations based solely on the pleadings, for two reasons.  First, while ruling on a motion to strike is committed to the district court's sound judgment, such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.  This is so because striking a portion of a pleading is a drastic remedy and it is often sought by the movant simply as a dilatory or harassing tactic.  Second, courts have repeatedly emphasized that striking class allegations under Rule 12(f) is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.
>
> Accordingly, a court should typically await the development of a factual record before determining whether the case should move forward on a representative basis.

*Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (citations and internal

punctuation omitted).

Here, it is not obvious from the pleadings that the case cannot possibly move forward on a

classwide basis.  Nor has the defendant established that the plaintiffs should be deprived of the

opportunity to prove to this court that their proposed class is one that the court should certify.  On

the showing made -- the defendant has not even moved to strike the demand, filing only an

"objection" -- summary treatment of this issue is not appropriate.

### IV.  Conclusion

For the foregoing reasons, I recommend that the court **DENY** the motion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 27th day of November, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge