UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALFRED MARCOUX and<br>CHARLENE JONES,<br><br>        Plaintiffs,<br><br>v.<br><br>SUSAN J. SZWED, P.A.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  Docket No. 2:15-cv-093-NT<br>)<br>)<br>)<br>)<br>) |

**ORDER OF PRELIMINARY CLASS CERTIFICATION**

This action involves standardized initial debt collection letters sent to consumers by Susan J. Szwed, P.A. The Plaintiffs Alfred Marcoux and Charlene Jones allege those letters violated the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. §§ 1692 *et seq.*, by failing to properly notify Maine consumers of how they could dispute the validity of the debts they were alleged to owe and how they could obtain from the Defendant verification of the legitimacy of those debts.

I have been advised that the parties to this action have agreed to settle this case. The Plaintiffs' attorney has moved for preliminary Class Certification[1] and has filed a proposed Notice of Proposed Class Action Settlement along with the signed Settlement Agreement. The parties propose certification of the following class:

> All persons (a) with an address in Maine, (b) to whom Susan J. Szwed, P.A. mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter,

---

[1] The Plaintiffs' request "conditional certification" of the settlement class. Pls.' Mot. for Conditional Certification of Settlement Class 2 (ECF No. 25). This is not a case brought under the Fair Labor Standards Act, which provides for conditional certification. I understand the Plaintiffs' request to be for preliminary certification of the settlement class.

>  that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," (c) between March 10, 2014 and March 10, 2015, (d) in connection with the collection of a consumer debt on behalf of Bank of America, N.A.

The Defendant represents that there are 92 Class Members, including the named Plaintiffs. I preliminarily find that the case satisfies the applicable prerequisites for class action treatment under Rule 23.

## I. Class Certification

A party seeking class certification must first demonstrate that all requirements of Federal Rule of Civil Procedure 23(a) are satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011). These requirements are:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Next, the named plaintiff must show that the class is maintainable under one of the types of class actions described in Rule 23(b). *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2548. "To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.' " *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (quoting Fed. R. Civ. P. 23(b)(3)).

### A.     Rule 23(a) Requirements

The proposed class meets the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy.

####    1.     Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." " 'Impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Advertising Specialty Nat. Assoc. v. Federal Trade Commission*, 238 F.2d 108, 119 (1st Cir. 1956). The parties represent that there are 92 Class Members, including the named Plaintiffs. Rule 23(a)(1) does not mandate any strict numerical cut-off for class certification, but courts in this circuit have generally found that a class of 40 or more individuals satisfies the numerosity requirement. *See, e.g.*, *Coffin v. Bowater, Inc.*, 228 F.R.D. 397, 402 (D. Me. 2005).

####    2.     Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." In other words, the class members' "claims must depend upon a common contention." *Dukes*, 131 S. Ct. at 2551. The Supreme Court has explained that the "common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

The legality of the letter's contents and its use presents a common issue. In *Wal-Mart*, 131 S. Ct. at 2553, the Court said that commonality would "clearly" be satisfied if the challenge was to a particular testing procedure that an employer used

3

for applicants and employees. *Wal-Mart*, 131 S. Ct. at 2553 (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982)). Similarly here, the challenge is to a standardized letter the Defendant sent to consumers, which failed to notify consumers about how they could dispute the validity of the debts they were alleged to owe and how they could obtain verification of the legitimacy of those debts. *Wal-Mart* commonality is satisfied.

### 3. Typicality

Rule 23(a)(3) requires "that the claims or defenses of the representative parties are typical of the claims or defenses of the class." Typicality is satisfied when the representative plaintiff's "injuries arise from the same events or course of conduct as do the injuries of the class and when plaintiff's claims and those of the class are based on the same legal theory." *In re Credit Suisse-AOL Sec. Litig.*, 253 F.R.D. 17, 23 (D. Mass. 2008). The named Plaintiffs contend that they received the standardized letter. Since there appears to be no discrepancy between the Plaintiffs' FDCPA claims and the claims of the proposed class members, the typicality element is satisfied.

### 4. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent," and "factors in competency and conflicts of class counsel." *Amchem Prods., Inc.*, 521 U.S. at 625, 626 n.20. There are three factors to consider when determining whether this requirement has been met. First, plaintiff's attorney must be qualified, experienced and generally able to conduct the proposed litigation. Second, the

representative plaintiff cannot have interests antagonistic to the class. Third, the representative party and the representative attorney must be expected to prosecute the action vigorously.

The Plaintiffs are represented by attorney Jesse S. Johnson of Greenwald Davidson Radbil PLLC. Attorney Johnson's practice focus is consumer protection and securities fraud class actions. Decl. of Jessie Johnson ¶ 3. In the last two years, Attorney Johnson has been appointed class counsel in a number of class actions. Decl. of Jessie Johnson ¶ 4.

The interests of the named Plaintiffs appear to align with the members of the class they seek to represent. There is no evidence of adequacy-defeating conflicts of interest, such as differences in the type of relief sought, a theory of law or fact that benefits some class members, but harms others, or a scenario where some class members benefit from the Defendant's conduct. *See* William B. Rubenstein, Newberg on Class Actions § 3:58 (5th ed. 2014). The adequacy requirement is met for the class.

With respect to vigorous prosecution of the case, Attorney Johnson's practice concentrates on prosecuting consumer class actions. Attorney Johnson notes that Marcoux and Jones "have diligently pursued this case since its inception with the goal of obtaining relief for the members of the class, and forcing Defendant to change its practices moving forward." Pls.' Unopposed Mot. For Conditional Certification 6 (ECF No. 25). Although there is no description of Marcoux's or Jones's part in the suit, I note that the docket reflects that discovery was exchanged and a response to a motion to dismiss was filed. There appears to have been a willingness of the class

5

representatives to take an active role in the litigation and to protect the interests of the absentees. The adequacy requirement is therefore met for the class.

### B. Rule 23(b)(3) Requirements

Once a plaintiff has established the Rule 23(a) prerequisites, the court must also find that common questions predominate over any individual questions and that handling the matter as a class action is superior to other methods of resolving the controversy. Fed. R. Civ. P. 23(b)(3). This analysis includes consideration of

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).[2]

### 1. Predominance

The predominance element of Rule 23(b)(3) "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. The objective of Rule 23(b)(3) is to promote economy and efficiency in actions that are primarily for money damages. Where common questions "predominate," a class action can achieve economies of time, effort, and expense as compared to separate lawsuits, permit adjudication of disputes that cannot be economically litigated individually, and avoid inconsistent outcomes, because the same issue can be adjudicated the same way for the entire class. Fed. R. Civ. P.

---

[2] The Court does not examine the Rule 23(b)(3)(D) factor here because these are settlement classes and there are no trial management issues to consider. *See Amchem Prods.*, 521 U.S. at 620.

23(b)(3), advisory committee's note (1966). Notably, predominance "is often 'readily met' in 'cases alleging consumer or securities fraud.' " *Lannan v. Levy & White*, No. 14-cv-13866, 2016 WL 2937455, at *7 (D. Mass. May 11, 2016) (quoting *Amchem Prods.*, 521 U.S. at 625).

Here, the central legal issue before this Court is whether the Defendant's initial debt collection letters to consumers—sent on behalf of Bank of America, N.A.—violate the FDCPA by failing to properly notify consumers of their validation rights and how they could dispute the amounts owed. "The statutory standard—the least sophisticated consumer—is objective, and thus, there is no need to look at individual class members' understandings of the letter." *LaRocque v. TRS Recovery Svs.*, 285 F.R.D. 139, 153 (D. Me. 2012). Because the FDCPA claims focus on the legality of the contents of the standardized debt collection letter, the factual and legal issues flowing from that letter predominate over any potential individual issues of class members. As a result, the Plaintiffs meet the predominance requirement of Rule 23(b)(3).

  **2. Superiority**

The determination of the superiority requirement of Rule 23(b)(3) entails assessment of (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3). In short, because the claims in this action arise from a form initial debt collection letter used by the Defendant, "a class

mechanism to resolve these disputes is superior to other methods given the clear commonality of claims and the cost-sharing efficiencies of aggregating individual claims which each have a relatively limited potential recovery into a collective action." Gordon, 2010 WL 376386, at *3. No single member of the class has an interest in controlling the prosecution of the action because the claims of all class members are identical, as the allegations involve identical conduct on the part of the Defendant. Alternatives to a class action are either no recourse for nearly a hundred class members, or a multiplicity of suits resulting in the inefficient administration of the litigation. For these reasons, a class action is the superior method to adjudicate this controversy. *See LaRocque*, 285 F.R.D. at 153.

The Plaintiffs have satisfied the predominance and superiority requirements in Rule 23(b)(3).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Plaintiffs' Motion and preliminarily certifies the class.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 3rd day of October, 2016.