### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| ALFRED MARCOUX and<br>CHARLENE JONES,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SUSAN J. SZWED, P.A.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>) Docket No. 2:15-cv-093-NT<br>)<br>)<br>)<br>)<br>) |

### ORDER AUTHORIZING NOTICE TO CLASS
### AND ESTABLISHING SCHEDULE FOR FURTHER ACTION

This action involves standardized initial debt collection letters sent to consumers by Susan J. Szwed, P.A. The Plaintiffs Alfred Marcoux and Charlene Jones allege those letters violated the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. §§ 1692 *et seq.*, by failing to properly notify Maine consumers of how they could dispute the validity of the debts they were alleged to owe and how they could obtain from the Defendant verification of the legitimacy of those debts.

The parties have contracted to settle the case, and the Defendant agreed to pay $3,800 to be divided among the approximately 92 class members. The FDCPA limits a class's recovery to 1% of the Defendant's net worth. *See* 15 U.S.C. § 1692k(a)(2)(B). The parties assert that the $3,800 represents the bulk of statutory damages available to the class. Pls.' Unopposed Mot. for Prelim. Approval of Class Action Settlement 4 (ECF No. 26). The Defendant also will pay the maximum amount of individual statutory damages—$1,000—to each of Mr. Marcoux and Ms. Jones. *See* 15 U.S.C. § 1692k(a)(2)(A). The Defendant will separately pay the costs of class notice and

administration of the settlement, and, subject to my approval, class counsel's attorneys' fees and litigation expenses.

The Plaintiffs have moved for an order approving their notice to the class and for me to set the date for the final fairness hearing.[1] In support of their request for authorization of the class notice, the Plaintiffs have filed a memorandum of law, the Declaration of Jesse Johnson, and the Settlement Agreement between the Plaintiffs and the Defendants. To ensure proper notice is provided to class members in accordance with due process requirements; and to conduct a final approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, I HEREBY MAKE THE FOLLOWING DETERMINATIONS AND ORDERS:

1. It appears that informal discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions. It further appears that settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation. It also appears that the proposed Settlement Agreement has been reached as the result of informed negotiations between the parties.

---

[1] The Plaintiffs have also moved for preliminary approval of their class action settlement. As is customary in this district, I will reserve the determination of the proposed settlement's fairness, reasonableness, and adequacy until the final fairness hearing. *See Michaud v. Monro Muffler Brake, Inc.*, No. 2:12–cv–00353–NT, 2015 WL 1206490, *8 (D. Me. March 17, 2015); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 236 F.R.D. 53, 55-56 (D. Me. 2006).

2. I have reviewed the Settlement Agreement and the proposed Notice. I find that the proposed Notice satisfies the requirements of Rule 23(c)(2)(B) by clearly and concisely stating in plain, easily understood language (i) the nature of the action; (ii) the definition of the Class certified; (iii) the class claims and issues; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

3. The Notice also satisfies Rule 23(c)(2)(B) and due process standards by mailing individual notice to all identified class members. The Court finds that mailing the Notice to the Class Members constitutes an effective method of notifying Class Members of the case, the proposed settlement, and their rights with respect to it. In accordance with the Settlement Agreement, the class administrator shall mail the notice to the Class Members as expeditiously as possible, but in no event later than October 25, 2016. All mailings shall be made to the present and/or last known mailing address of the Class Members. The class administrator shall confirm, and if necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses. With the two minor changes have I highlighted in yellow, I **AUTHORIZE** the Notice of Class Action Settlement, attached hereto, be mailed to the proposed class members.

4. Any Class Member who desires to be excluded from the class ("opt-out") must send a written request for exclusion to the class administrator in the form described in the Notice with a postmark no later than December 1, 2016. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

5. Any Class Member who desires to object to final approval of the Settlement can send a written objection to the Clerk of Court, 156 Federal Street, Portland, ME 04101. The objection must be postmarked by December 1, 2016.

6. Any party to this case, including Class Members, may appear at the Final Fairness Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement and any Order of Final Approval and Judgment.

7. Pursuant to Rule 23, I appoint Alfred Marcoux and Charlene Jones as the Class Representatives.

8. Pursuant to Rule 23, I appoint Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel.

9. The parties have agreed on a third-party claims administrator—First Class, Inc.—to provide notification to Class Members and to administer the settlement. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All costs of

administration will be paid by the Defendant separate and apart from the Settlement Fund.

10. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715, the Defendant will serve written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of the states of Maine, California, Texas, Michigan, and Florida.

11. All briefs in support of the proposed Settlement shall be served and filed with the Court on or before December 15, 2016.

12. The final fairness hearing shall be held on January 27, 2017 at 9:00 a.m. at the United States District Court for the District of Maine, Edward T. Gignoux U.S. Courthouse, 156 Federal Street, Portland, Maine 04101, to consider the fairness, adequacy and reasonableness of the proposed Settlement.

13. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 3rd day of October, 2016.